**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 11-cv-02857-RM-KLM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

LAVERNE ST. CLAIR and
BEVERLY ST. CLAIR,

    Defendants.

## ORDER

THIS MATTER is before the Court on Plaintiff United States' Motion to Exclude Expert Witness Testimony ("Motion") (ECF No. 67) pursuant to Fed.R.Evid. 702. The Motion seeks to preclude Defendants' two land surveyor experts from offering certain opinions in support of Defendants' contention they own the 7.856 acres of land upon which Plaintiffs rely on their claims for ejectment and trespass. Upon consideration of the Motion, Defendants' Response, Plaintiff's Reply, the Court file, and the applicable law, the Plaintiff's Motion is denied for the reasons stated below.

While the Greeks skillfully prevailed against the City of Troy with the Trojan horse, Plaintiff, while equally skillful, may not prevail against Defendants, through the dismissal of their experts, with a Rule 702 Motion. As Defendants accurately surmised, Plaintiff's Rule 702

Motion is a Rule 56[1] motion in disguise, and the time for the filing of such motions has long passed. Here, Plaintiff essentially seeks a determination that, as a matter of law, certain general rules of survey must apply. Whether such rules must apply under the facts and circumstances of this case, however, is more properly brought before the Court as a motion for summary judgment. Plaintiff had an opportunity to do so. It may not do so again now.

Next, Plaintiff's Motion relying on the fundamental principles of surveying is premised on the contention that Defendants' experts' failure to follow such principles renders their methodology of determining ownership of the disputed acres unreliable. The flaw in Plaintiff's contention is that such principles not only must but also *can* be applied. Defendants' experts contend that, in light of the underlying facts and circumstances upon which they rely – many of which are hotly contested – one or more of such principles should not and cannot be applied. In light of the issues, the disputed facts and data, and Defendants' proffered theory of their case, at this time the Court is not persuaded that such evidence should be precluded as unreliable. This determination does not, however, prohibit Plaintiff from raising the issue at trial should it determine to do so based on the evidence presented.

Finally, this matter is to be tried to the Court as the fact finder. "[W]hile *Daubert's*[2] standards must still be met, the usual concerns regarding unreliable expert testimony reaching a jury obviously do not arise when a district court is conducting a bench trial." *Attorney General of Okla. v. Tyson Foods, Inc.*, 565 F.3d 769, 779 (10th Cir. 2009). Accordingly, it is

---

[1] Fed.R.Civ.P. 56.
[2] *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993).

ORDERED that Defendant United States' Motion to Exclude Expert Witness Testimony (ECF No. 67) is hereby DENIED.

DATED this 26th day of February, 2014.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge